HORATIO HIGHT, and another,

*vs.*

JAMES QUINN, and another.

Cumberland.   Opinion July 11, 1894.

*Pleading.   Negative Averments.   Liability of Stockholder.*
*R. S., c. 46, § 47.*

In an action by a judgment creditor of a corporation against a stockholder upon R. S., c. 46, § 47, it should be alleged in the declaration that the debt was not a mortgage debt of the corporation. The omission of such allegation leaves the declaration insufficient, if it be demurred to.

ON EXCEPTIONS.

The defendants' demurrer to the plaintiffs' declaration having been overruled in the court below, they brought the case into this court on exceptions.

The opinion states the case.

*LeRoy L. Hight,* for plaintiffs.

Revised Statutes, c. 46, § 46, defines who may be a plaintiff in a proper suit of this nature; and § 47 prescribes the method which such plaintiff may follow. The clause declaring that a stockholder is not liable, "for any mortgage debt of said corporation," is a subsequent, substantive provision and is to be considered an exception or proviso and need not be alleged in the declaration.

Such an exception coming, as it does, in a separate and distinct clause, which has the effect of taking out of the general trend of the statute something that would otherwise be included in it, need not be noticed in the declaration.

"The difference is when an exception is incorporated in the body of the clause, he who pleads the clause ought also to plead

the exception ; but where there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he shall plead the clause and leave it to the adversary to show the proviso." 1 Ld. Raymond, 120.

"Exemption from a penal law may be given in evidence on not guilty : and the negative need not be pleaded. *Rex* v. *Pemberton*, 1 W. Bl. *230.

Ashhurst, J., says : "Any man who will plead an action for a penalty on an act of parliament must show himself entitled under the enacting clause : it follows if there be a subsequent exception that is a matter of defence, and the other party must show it to exempt himself from the penalty." *Spiers* v. *Parker*, 1 T. R. *145. *Gill* v. *Scrivens*, 7 T. R. 31, follows the cases above cited as does also the Massachusetts case, *Com* v. *Hart*, 11 Cush. 134. See also Gould on Pleading, Ch. 4, § 22. See Espinasse on Penal Statutes, 1 Am. Ed. p. 95. Counsel also cited : *Grindle* v. *Stone*, 78 Maine, 176.

*Symonds*, *Snow and Cook*, for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ. ·

EMERY, J. This is an action on the case by a judgment creditor of a corporation against a stockholder and is based upon the statute R. S., c. 46, § 47. That statute, near the end of the section, declares that a stockholder is not liable, "for any mortgage debt of said corporation." The declaration does not set forth that the debt of the corporation to the plaintiff was not a mortgage debt. For this omission of allegation, the defendant stockholder demurred to the declaration. It is urged, in support of the declaration, that the existence of a mortgage to secure the debt is a matter to be pleaded and proved in defense, and hence it need not be negatived in the declaration.

"There is some perplexity and contradiction in the books respecting the principles to be applied in the decision of this question. There seems to be much curious learning, and many nice and rather shadowy distinctions, the sound reason and solid

sense of which, are not very easily discoverable." MELLEN, C.
J., in *Smith* v. *Moore*, 6 Maine, at page 277. Several artificial
criteria, such as the particular locality of the excepting clause
in the statute, have been suggested ; but it is now generally agreed
that, "it is the nature of the exception, and not its location,
which decides the point." (Day's Chitty, Vol. 1, p. 229, note.)

If the exception is descriptive of the class of persons who
may sue, or is descriptive of the cause of action, or is descriptive
of the class of persons who may be sued, such descriptive
exceptions should be stated in the declaration, to show affirma-
tively that the plaintiff, the cause of action, and the defendant
are all within the statute. In *Little* v. *Thompson*, 2 Maine,
228, the statute gave a right of action for taking logs, &c.,
"without the consent of the owner." It was held that the want
of the owner's consent should be alleged. In *Smith* v. *Moore*,
6 Maine, 274, the statute gave a right of action against an
executor who delayed filing a will, "without just excuse made
and accepted by the judge of probate for such delay." It was
held that the want of just excuse must be alleged. In *Com.*
v. *Maxwell*, 2 Pick. 139, the statute enacted a penalty for
entertaining on the Lord's day, "any persons not being trav-
elers, strangers or lodgers." It was held that the indict-
ment must contain the allegation that the persons were not,
"travelers, strangers or lodgers." In *Williams* v. *Turnpike Co.*
4 Pick. 341, the statute gave a right of action to, "any person
from whom toll is demandable." It was held that in the decla-
ration the plaintiff must be described as one from whom toll
was demandable. In *Spiers* v. *Parker*, 1 T. R. 141, the
statute gave a right of action to any mariner who should
be impressed, unless it appeared that he had previously deserted
from an English ship of war. It was held that the declaration
should affirmatively show that the plaintiff had not previously
deserted.

The right of action in the case before us is created solely by
statute in favor of a particular class of persons, against another
particular class of persons, and upon a particular class of facts.
Not all creditors of the corporation are given the right of action,
but only judgment creditors. It is clear, therefore, that in

the declaration, the plaintiff must be described as a judgment creditor. But not all judgment creditors of the corporation are given the action. The class of creditors who may sue is still further limited in the statute, by the confining the right of action to those judgment creditors whose debts are not secured by a mortgage. It is equally clear that the declaration should show that the plaintiff is also within this last limited class, by the allegation that his debt is not a mortgage debt. The declaration should exclude whomsoever the statute excludes.

In this case, it is as if the statute read : " All judgment creditors, whose debts are not secured by a mortgage, shall have a right of action." The pleader under a statute so worded would instinctively allege that the plaintiff's debt was not secured by a mortgage. The statute, as it actually does read, clearly means the same thing. The pleader, therefore, should make substantially the same allegation.

In the statute, the same sentence which limits the class of creditors who can be plaintiffs, also limits the class of stockholders who can be made defendants, to those who were stockholders at the time of the contraction of the debt. The plaintiff admits that he must allege and prove that the defendant was an owner of unpaid stock at the time of contracting the debt, and cannot leave it to the defendant to plead and prove that he was not. If the declaration, in its description of the defendant, must show him to be the person whom the statute subjects to the action, it would seem that in its description of the plaintiff, it ought also to show him to be the person to whom the statute gives the action. For the omission to thus describe the plaintiff,—to show him to be of that class of creditors entitled to the action,— the declaration must be adjudged insufficient.

None of the other objections urged against the declaration need now be considered. The plaintiff in amending his declaration, should be careful to avoid any reasonable objections.

In *Grindle* v. *Stone*, 78 Maine, 176, and in *Libby* v. *Tobey*, 82 Maine, 397, cited by the plaintiff, the point here in question did not arise, and was not considered.

*Exceptions sustained.*